IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARICE STINGLEY individually and as the legal guardian of KEYWAN LITTLE, Plaintiff, | ) ) ) ) | |
| vs. | ) ) ) | No. |
| CITY OF NORTH CHICAGO, CASIMIR RICON, in his individual capacity, and NORTH CHICAGO COMMUNITY UNIT SCHOOL DISTRICT #187, Defendants. | ) ) ) ) ) ) | Plaintiff Demands Trial By Jury |

## **COMPLAINT**

NOW COME the Plaintiffs, CLARICE STINGLEY and as legal guardian of KEYWAN LITTLE, by and through their attorney, LAW OFFICE OF STEPHEN F. POTTS, and complaining against, Defendants, CITY OF NORTH CHICAGO an Illinois Municipal Corporation (hereinafter "North Chicago"), CASIMIR RICON (hereinafter "Ricon"), in his official and in his individual capacity, and NORTH CHICAGO COMMUNITY UNIT SCHOOL DISTRICT #187 an Illinois School District (hereinafter "District #187"), and states the following:

### **Introduction**

1. This is a civil rights lawsuit brought by the Plaintiffs, victim of police brutality. Compensatory and punitive damages are sought against the police officers involved in the brutality, and compensatory damages are sought against the City of North Chicago. In addition, this civil claim includes an action against North Chicago Community Unit School District #187 for its wilful

and wanton failure to protect Plaintiffs from the brutality and injury. TRIAL BY JURY IS DEMANDED.

2. Defendants actions reflect a systematic policy and practice and custom of the City of North Chicago to inadequately supervise and discipline law enforcement officers who use excessive force, including deadly force. Defendant District #187 actions and failures to act show a wilful and wanton indifference to the safety and well being of students on school premises.

### Jurisdiction and Venue

3. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988. This Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343.

4. Venue is proper in this judicial district under 28 U.S.C. §1391(a) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiff's claims occurred within this District.

### The Parties

5. The Plaintiff Clarice Stingley is an adult domiciled in North Chicago, Illinois and the mother of Keywan Little a minor child residing in North Chicago, Illinois.

6. The Defendant Ricon is an adult domiciled in Illinois, and for all times material to this complaint, was a police officer employed by the City of North Chicago and continues to be so employed.

7. The City of North Chicago is a political subdivision of the State of Illinois, and for all times material to this complaint was the employer of Defendant.

8. Defendant District #187 is a political subdivision of the State of Illinois, and for all times material to this complaint was the school where Keywan was enrolled as a student in South School North Chicago.

## Facts Upon Which Plaintiffs' Claims Are Based

9. On March 22, 2012, Keywan was attending school at District #187, South School, in North Chicago, Illinois when Defendant Ricon arrived at the school in police uniform at the school at no invitation of the school at around the lunch hour.

10. Thereupon Ricon directed the District #187 personnel to call Keywan out of the lunch room into the school hallway. District #187 had no check-in policy or other policy at the time that prevented parents of children or any other individuals for that matter from having access to the children during school hours. District #187 personnel took no action to protect or otherwise prevent access to school children by outsiders and Ricon.

11. Thereupon, Ricon deliberately and in reckless disregard of Plaintiff Keywan's physical safety and rights handcuffed eleven year old Plaintiff Keywan and slammed him against a locker at school and threatened to "lock him up for the rest of his life" while accusing him of inappropriate conduct directed towards Ricon's son who also attended the school.

12. During all of the foregoing brutal actions, Plaintiff Keywan was unarmed, defenseless, and made no furtive moves or gestures whatsoever and was an eleven year old boy located in his own school and attending classes.

13. After keeping Keywan in handcuffs and threatening him, Defendant Ricon released Keywan and left the premises where after Keywan remained in the hall uncontrollably sobbing and psychologically devastated.

14. The Defendants' brutal treatment of Plaintiff Keywan caused this Plaintiff to fear for his life and caused this Plaintiff serious physical and psychological injury which continues and has resulted in Keywan needing psychological treatment.

## Count I
### (42 U.S.C. section 1983 - Ricon and City of North Chicago)

15. As against Defendants Ricon and City of North Chicago, Plaintiffs restate and re-alleges by reference paragraphs 1 - 14 above as though fully set forth herein.

16. The Defendants' actions were under the color of law.

17. The Defendants' actions were reckless and callously indifferent to the Plaintiffs' federally protected rights and well being.

18. The use of force against the Plaintiff Keywan was the result of the policy, practice and custom of the City of North Chicago to inadequately supervise and discipline law enforcement officers who use excessive force, including deadly force.

19. The inadequate supervision and discipline of police officers by the City of North Chicago has led to the unnecessary and illegal use of excessive force, including deadly force.

20. The force utilized by the Defendants Ricon and the City of North Chicago was excessive and, thus, constituted an unreasonable seizure of Plaintiffs in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

21. Plaintiffs request that this Court assume jurisdiction over this cause, grant them compensatory and punitive damages, costs and attorney's fees, and award all other proper relief.

WHEREFORE, Plaintiffs respectfully request:

A. Compensatory damages in an amount to be determined at trial to compensate Plaintiffs for the depression, humiliation, anguish, and emotional distress caused by Defendants' conduct;

B. A permanent injunction enjoining the Defendants from engaging in the practices complained of herein.

C. A permanent injunction requiring the Defendants to adopt practices and policies to protect the public.

D. The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

E. Punitive damages as allowed by law;

F. An award of reasonable attorney's fees, costs, and litigation expenses; and

G. Such other relief as the Court may deem just or equitable.

### STATE LAW SUPPLEMENTAL CLAIMS

### COUNT II
**(Wilful and Wanton Conduct - North Chicago Community Unit School District #187)**

22. As against Defendant District #187, Plaintiffs restate and re-allege by reference paragraphs 1 - 14 above as though fully set forth herein.

23. At the time of the aforementioned incidents, Plaintiff Keywan was under the supervision and protection of District #187 herein.

24. That District #187 willfully and wantonly disregarded the safety and well being of Plaintiff Keywan when it failed to have a check-in policy for guests at South School, failed to

prevent access to students by adults not employed by District #187, and allowed parents and other adults not associated with South School to have access to students knowing of the dangers to students by intruders and other outsiders which shows an utter indifference to or conscious disregard for the safety of the students.

WHEREFORE, Plaintiffs respectfully requests:

A. Compensatory damages;

B. Punitive damages as allowed by law;

C. An award of reasonable attorney's fees, costs, and litigation expenses; and

D. Such other relief as the Court may deem just and equitable.

## COUNT III
### (Intentional Infliction of Emotional Distress - Ricon)

25. As against Defendants, Plaintiff restates and re-alleges by reference paragraphs 1 - 14 above as though fully set forth herein.

26. The intentional acts of Defendant Ricon constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Plaintiff Keywan.

27. As a proximate result of Defendant's unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

28. Defendant acted willfully and maliciously with respect to his treatment of Plaintiff Keywan.

WHEREFORE, Plaintiffs respectfully requests:

A. Compensatory damages;

    B.    Punitive damages as allowed by law;

    C.    An award of reasonable attorney's fees, costs, and litigation expenses; and

    D.    Such other relief as the Court may deem just and equitable.

## COUNT IV
### (False Imprisonment - Ricon)

29.    As against Defendant Ricon, Plaintiffs restate and re-allege by reference paragraphs 1 - 14 above as though fully set forth herein.

30.    The intentional acts of Defendant confined Plaintiff Keywan in handcuffs in the hallway at South School preventing him from leaving with physical force and utilizing his strength.

31.    The Defendant intended to confine Plaintiff Keywan to the bounded area by his actions, and made it impossible for Plaintiff Keywan to leave.

32.    As a direct result of this imprisonment Plaintiff Keywan has sustained and continues to suffer the injuries and damages described herein.

WHEREFORE, Plaintiffs respectfully requests:

    A.    Compensatory damages;

    B.    Punitive damages as allowed by law;

    C.    An award of reasonable attorney's fees, costs, and litigation expenses; and

    D.    Such other relief as the Court may deem just and equitable.

                      LAW OFFICE OF STEPHEN F. POTTS,

                      BY:    s/Stephen F. Potts

STEPHEN F. POTTS
MIGUEL LARIOS
LAW OFFICE OF STEPHEN F. POTTS
2720 S. River Road, Suite 140
Des Plaines IL 60018
(847) 298-9055
(847) 298-5312 *fx*